FILED
CLERK, U.S. DISTRICT COURT
JUN - 7 2016
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUSTIN EMEKKA ONWUALU, | Case No. CV 14-09023 DDP (ASx) |
| Petitioner, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES, DIRECTOR, | [Dkt. 32] |
| Defendant. | |

Presently before the Court is Defendant's Motions to Dismiss Petitioner's Amended Petition ("Am. Pet.") pursuant to Fed. R. Civ. P. 12(b)(1). Having considered the parties' submissions, the Court grants the Motion and adopts the following Order.

**I.  Background**

Petitioner Austin Emekka Onwualu ("Onwualu") was born in Oba, Nigeria. (Id. at ¶5.) At the time of Onwualu's birth, birth certificates were not available in his town. (Id.) Onwualu claims he was born on August 30, 1959 (the "1959 date"). (Id. at ¶ 3.) In 1979, after having waited three years, Onwualu received his Nigerian passport. (Id.) He immediately noticed that the passport

incorrectly identified his date of birth as June 15, 1954 (the "1954 date"). (Id. at ¶ 6; id. at ¶ 11.) He alleges that when he received the passport, he was unable to submit an application to correct the error because he was in a seminary. (Id. at ¶ 6.)

It is undisputed that in 1982, Onwualu used the flawed passport to travel to the United States on a non-immigrant visitor's visa. (Motion to Dismiss at 2:8-11; Am. Pet., ¶ 7.) During his visit, Onwualu submitted an application to change his tourist visa into a student visa. (Id., Ex. 2.) On the application Onwualu listed his date of birth as June 15, 1958. (Id.) His application to change status was denied. (Id.)

On May 3, 1984, Onwualu married a United States citizen. (Am. Pet., Ex. 3.) His wife filed an I-130 petition on Onwualu's behalf with the then-existing Immigration and Naturalization Service ("INS") and Onwualu subsequently filed an adjustment of status application. (Am. Pet. at ¶ 8; Mot. to Dismiss at 3:7-9.) Both the petition and the application reflected the allegedly incorrect date of birth of June 15, 1954. (Mot. to Dismiss, Ex. E; id., Ex. F.)

In a signed sworn statement, Onwualu confirmed his date of birth as the 1954 date. (Defendant's Ex. I.) However, Onwualu alleges that during his interview, he informed the interviewing officer that the date of birth on his passport was incorrect. (Am. Pet. at ¶ 8.) The officer responded that the only way the application could reflect a different date of birth was by providing a birth certificate, or other legal document from his home country, with the correct date. (Id.) On February 2, 1985,

Onwualu's adjustment of status application, listing the 1954 date of birth, was granted. (Defendant's Ex. J.)

In 1987, Onwualu applied for a replacement lawful permanent resident card. (Am. Pet. ¶ 9.) He alleges that he continued to use the 1954 date under the advisement of his attorney. (Id.) He alleges that his attorney informed him that using the 1959 date would create a discrepancy, leading to the rejection of his application. (Id.)

In 1988, Onwualu applied for naturalization in the United States District Court for the District of Maryland using the 1954 date. (Am. Pet. ¶9; Defendant's Ex. M.) The District Court of Maryland granted Onwualu's application and issued a certificate of naturalization with the 1954 date. (Ex. M.) Onwualu contends that after his naturalization, he was financially unable to return to Nigeria to obtain a legal document reflecting his correct birth date. (Id.)

In 2008, Onwualu was able to obtain a birth certificate and a Nigerian passport identifying the 1959 date as his date of birth. (Am. Pet. ¶ 10.) Onwualu subsequently filed an application with USCIS requesting that his naturalization certificate be modified to reflect his correct date of birth, the 1959 date. (Id.) USCIS denied the application on the basis that it exceeded their administrative authority. (Id. at 5:4-8.)

Onwualu contends that having the alleged incorrect date of birth on his naturalization certificate has caused him several "indignities." (Am. Pet. at ¶ 12.) Primarily, Onwualu alleges that

3

having different dates of birth on his legal documents subjects him to extra scrutiny when he travels internationally. (Id., at ¶ 12.)

By the instant action, Onwualu seeks a court order requiring USCIS to issue him a modified certificate of naturalization. (Am. Pet. at ¶ 15(a)).

Defendant now seeks to dismiss Petitioner's Petition for lack of jurisdiction.

## II. Legal Standard

A motion to dismiss for lack of subject-matter jurisdiction may challenge jurisdiction facially or factually. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000) If the motion challenges the court's jurisdiction based on the legal sufficiency of the complaint, the court will accept the facts of the complaint as true. Kohler v. CJP, Ltd., 818 F. Supp. 2d 1169, 1172 (C.D. Cal. 2011). It is the burden of the party alleging jurisdiction to prove that the court has jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). The court has an "independent obligation to determine whether subject matter jurisdiction exists." Collins v. U.S. Citizenship and Immigration Services, 820 F.3d 1096, 1099 (9th Cir. 2016) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006)).

## III. Discussion

Onwualu contends that this court has federal question jurisdiction under 8 C.F.R. § 338.5(e). (Amended Pet. ¶ 1.) Section 338.5 governs "[C]orrection of [naturalization] certificates," and

allows for the filing of an application to correct a Certificate of Naturalization "which does not conform to the facts shown on the application for naturalization" or exhibits some clerical error. 8 C.F.R. § 338.5(a). Neither circumstance is present here.

Subsection (e), which Petitioner claims confers jurisdiction on this Court, states:

> [c]orrection will not be deemed to be justified where the naturalized person later alleges that the name or date of birth which the applicant stated to be his or her correct name or date of birth at the time of naturalization was not in fact his or her name or date of birth at the time of the naturalization.

8 C.F.R. § 338.5(e). It is not clear to the court how subsection (e), which precludes correction of certificates under the circumstances here, possibly vests this court with jurisdiction over this matter.[1] Furthermore, the Ninth Circuit has held that Section 338.5 does not create subject matter jurisdiction. Yu-Ling Teng v. Dist. Dir., U.S. Citizenship & Immigration Servs., 820 F.3d 1106, 1111 (9th Cir. 2016).

Petitioner also contends that subject matter jurisdiction exists under 8 C.F.R. § 334.16(b). (Amended Pet. ¶ 4.) Section 334.16(b), before it was revoked in 2011, established certain procedures applicable "[w]henever an application is made to the court to amend a petition for naturalization after final action thereon has been taken by the court . . . ." 8 C.F.R. § 334.16(b) (rescinded Aug. 29, 2011, see 76 Fed. Reg. 53801, 2011 WL 3793637). Although Petitioner cites several district court cases that

---

[1] Petitioner's Opposition, unlike the Amended Petition, makes no mention of Section 338.5.

5

interpreted Section 334.16(b) to create jurisdiction, this court need not address the propriety of those decisions because, unlike the instant case, all concerned petitions filed in a district court prior to the revocation of Section 334.16(b). See, e.g., In re Weldeabzghi, No. 11-CV-03087 SRN/SER, 2013 WL 717755 at *6 (D. Minn. Feb. 27, 2013) (finding jurisdiction, but explaining that jurisdiction would not exist "over future petitions to amend nonclerical errors filed under § 334.16(b) after it was repealed on November 28, 2011.").

This is not to say that district courts never have jurisdiction to amend certain naturalization orders. Prior to 1990, federal courts had exclusive jurisdiction under 8 U.S.C. § 1421(a) to naturalize people as citizens of the United States and the concomitant power to issue, and correct, certificates of naturalization. Collins, 520 F.3d at 1099. With the enactment of the Immigration Act of 1990, however, those powers were transferred to the executive branch. Id. Nevertheless, the Ninth Circuit has held that the language of a broad savings clause in the Immigration Act preserved jurisdiction over petitions for modification of court-issued certificates of naturalization. Collins, 820 F.3d at 1100. Defendant appears to concede as much. (Reply at 1, 8.)

Defendant maintains, however, that only the District Court of Maryland would have jurisdiction to consider Onwualu's motion to correct or modify his naturalization certificate, and that this Court does not have jurisdiction to modify a final order by a different federal court. (Mot. to Dismiss at 11:5-8; id. at 11:14-16.) Petitioner does not address this argument. At the time Petitioner

6

filed his naturalization petition before the Maryland district court, the court's jurisdiction to naturalize persons extended "only to such persons resident within the jurisdiction" of the court. 8 U.S.C. § 1421(a)(1988). Section 1451(i) further provided that there were no restrictions on "the power of any naturalization court, <u>by or in which a person has been naturalized</u>, to correct, reopen, alter, modify, or vacate its judgment or decree naturalizing such person." 8 U.S.C. § 1451(i)(1988) (emphasis added). Thus, although this Court does have jurisdiction to amend certificates of naturalization it has issued, the fact remains that this Court never issued Petitioner any such certificate. <u>Collins</u>, 820 F.3d at 1100; See also <u>Treadaway v. Acad. of Motion Picture Arts & Scis.</u>, 783 F.2d 1418, 1422 (9th Cir. 1986). ("When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court just as much as it would if it were reviewing that court's equitable decree.").

Petitioner's arguments under the full faith and credit clause and the Administrative Procedure Act are also unavailing, even putting aside the question whether either can confer jurisdiction. Although Petitioner urges this court to use the full faith and credit clause to "give all conclusive effect to the Maryland District Court's judgment naturalizing Plaintiff," the relief he seeks is inconsistent with such conclusive effect, insofar as Petitioner asks this court to modify, not respect, the judgment of another court. (Opposition at 13.) Nor has Petitioner identified any wrongful agency action sufficient to state a claim under the APA, 5 U.S.C. § 702. Although Petitioner alleges that CIS refuses to change his

birthdate on his naturalization certificate, as discussed above, and stated in Petitioner's Petition, the Maryland District Court, not the agency, issued Petitioner's certificate in the first instance.

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. Nothing in this Order shall be read to preclude Petitioner from seeking relief in the appropriate jurisdiction.

IT IS SO ORDERED.

Dated: 6-7-2018

DEAN D. PREGERSON
United States District Judge